APPEL, Justice
(concurring specially).
I concur with the result and most of the court’s opinion; however, I think the court’s opinion misses an important aspect of this case.
To me, it is astonishing that a lawyer representing an accused in a criminal matter would facilitate the discovery of evidence by the prosecution adverse to his or her client. Yet, this i's precisely what occurred here. When Vaughan’s attorney learned from Cline that Cline wanted to speak to the prosecutor about Vaughan, it was obvious Cline did not intend to assist in Vaughan’s defense. At that point, Vaughan’s attorney should have refused to contact the prosecutor on behalf of Cline. Instead, he facilitated the prosecution’s receipt of evidence adverse to his client. When he did so, he was not acting zealously on behalf of Vaughan. It was a disloyal act.
Loyalty to one’s client is “perhaps the most basic of counsel’s duties” and is paramount to our system of criminal justice. See Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674, 696 (1984). As one court noted,
The duty of loyalty is so essential to the proper functioning of the judicial system that its faithful discharge is mandated *504 not only by the Rules'of Professional Conduct, but also, in criminal cases, by the Sixth Amendment right of a criminal defendant to the effective assistance of counsel.
State v. Holland, 876 P.2d 357, 359 (Utah 1994). The Holland court further explained “[t]he faithful discharge of that duty is a vital factor both in uncovering and making clear to a court the truth on which a just decision depends and in protecting the rights of persons charged with a crime.” Id.; see also Von Moltke v. Gillies, 332 U.S. 708, 725-26, 68 S.Ct. 316, 324, 92 L.Ed. 309, 331-32 (1948) (plurality opinion) (“The right to counsel guaranteed by the Constitution contemplates the services of an attorney devoted solely to the interests of his client.... Undivided allegiance and faithful, devoted service to a client are prized traditions of the American lawyer.”); Simmons v. State Pub. Defender, 791 N.W.2d 69, 75 (Iowa 2010) (noting “criminal defendants ... are entitled to a real, zealous advocate who will fiercely seek to protect their interests”).
Our standards of professional conduct similarly describe a lawyer’s duty of loyalty as “essential,” “undivided,” “complete,” “total,” “entire,” and “vital.” See Iowa R. Profl Conduct 32:1.7 cmt. 1 (noting loyalty is an “essential element[ ]” in the lawyer’s relationship with a client); Restatement (Third) of the Law Governing Lawyers § 16 cmt. b, at 146, § 121 cmt. b, at 245 (2000) (stating “the law seeks to assure clients that them lawyers will represent them with undivided loyalty”); ABA Standards for Criminal Justice: Prosecution Function and Defense Function 4-3.5(e) & 4-3.5 cmt., at 162-64 (3d ed.1993) (noting “[t]he basic rule that must guide every lawyer is that the lawyer’s total loyalty is due each client in each case” and that “[a] lawyer for an accused must give ... complete loyalty”).
Even so, I do not believe that the evidence was subject to per se exclusion because of his counsel’s disloyalty. Even viewing the facts most favorably to Vaughan, the State would be entitled to admission of the evidence if it could meet its burden under Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). In that case, the state obtained information from a defendant regarding the location of a victim’s body in violation of the defendant’s right to counsel. Id. at 435-37, 104 S.Ct. at 2504-05, 81 L.Ed.2d at 382-83. The fact the state actually learned of the body’s location in violation of the defendant’s right to counsel, however, did not mean the evidence could never be used by the state. Id. at 437-38, 104 S.Ct. at 2506, 81 L.Ed.2d at 383-84. Instead, when challenged, the state was entitled to show the evidence either would have been inevitably discovered or there was an independent, untainted source of the evidence. Id. at 443-48, 104 S.Ct. at 2508-11, 81 L.Ed.2d at 387-90.
In my view, the record thus presents a possible ineffective-assistance claim. Vaughan’s new counsel could have sought to exclude the testimony of Cline on the ground that the evidence was discovered through rnn improper communication between his previous attorney and the prosecutor. He did not do so. Whether the failure to object to the admission of the evidence amounted to ineffective assistance of counsel is not presently before the court.
HECHT, J., joins this special concurrence.